UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| EPCO CARBON DIOXIDE PRODUCTS, INC. | CIVIL ACTION NO. 03-1288-M |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| CARGILL INCORPORATED | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Before the court is a motion by Cargill Incorporated (Cargill) to compel arbitration and fir stay, **Doc. #67**, referred to me by the district judge for Report and Recommendation.

Cargill removed this case to this court in July 2003. It now seeks to enforce an arbitration clause in the lease agreement between EPCO and Cargill which provides for arbitration, as follows:

"Dispute Resolution. In the event a dispute arises under this Lease that cannot be resolved by those with direct responsibility for the matter in dispute, such dispute shall be resolved by way of the following process:

    A. Management from [EPCO] and from Cargill shall, upon written notice by either party, meet to discuss the basis for the dispute and shall use their best efforts to reach a reasonable resolution to the dispute.

    B. If management fails to resolve the dispute within the thirty (30) days of its receipt of written notice of the dispute, the matter in dispute shall be brought to the

> attention of senior management at Cargill and [EPCO]. Said senior management shall meet in person to negotiate a good faith resolution to the dispute within sixty (60) days of their receipt of written notice of the dispute. C. If such negotiations are unsuccessful, the matter may promptly be submitted by either party to arbitration.
>
> * * *

As Cargill correctly points out in brief, there is a strong federal policy favoring enforcement of arbitration provisions. Subway Equipment Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999). Arbitration should be ordered only where a valid applicable arbitration provision exists. See Pennzoil v. Ramco Energy Limited, 139 F.3d 1061 (5th Cir. 1998).

In this case, there is no dispute as to the existence and applicability of the arbitration provision quoted above. Rather, EPCO asserts that Cargill has waited too long to demand arbitration and has thus waived its right to seek arbitration. Despite the strong public policy favoring arbitration, the right may be waived. Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156 (5th Cir. 1986).

Waiver of the right to arbitration is a question of law. Price, supra. Where a party seeking arbitration has made a timely demand for arbitration at or before the commencement of proceedings in the district court, the burden of proving waiver is a heavy one.

2

Price, 791 F.2d at 1160, and cases cited therein. However, while the party claiming waiver has a heavy burden, "waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Price, 791 F.2d at 1158.

The instant case was removed to this court in July 2003, two years ago. Although Cargill, in its answer, asserted its entitlement to arbitration, it never brought the issue before the court and, until now, never mentioned it again in court filings. Cargill did not file a motion to compel arbitration or any motion but instead proceeded to litigate the plaintiff's claims in this court. An application to the court for an order must be by motion. FRCP 7 (b)(1). Simply asserting in the answer to the complaint an affirmative defense does not suffice, except to give notice to the opposing party that arbitration might be sought.

Shortly after removal, Cargill filed a motion to transfer venue but did not move for an order for arbitration. Other motions too were filed by Cargill but never was an order requested concerning arbitration. Cargill, through its attorneys, participated in the Rule 26(f) conference and filed a report of that planning meeting so that this court could issue a scheduling order. In the Report, the parties attested that "[n]either party objects to the subject matter jurisdiction of this court." The report also notes that "[t]he parties are discussing arbitration of

3

the issues in this cause." Clearly at that time Cargill had not determined whether it would seek arbitration or not and it is equally apparent that, after those discussions, Cargill chose not to seek arbitration but instead to participate in this litigation as per the terms of this court's scheduling orders.

In addition, Cargill sought summary judgment by motion in October 2003, which was denied. When scheduling orders were issued no objection was made by Cargill. A jury trial date was set in August 2004 and Cargill never mentioned any desire for arbitration. A new scheduling order was issued in June of 2004 and again in March of 2005 with, in each instance, a new trial date, and no objection was made by Cargill and no demand for arbitration was made nor was it even mentioned. Cargill filed its witness lists in preparation for trial and later filed a supplemental counterclaim.

This case has been litigated almost to conclusion in this court with depositions and other discovery having been taken and more than one conference with this court had. Depositions of Cargill's personnel have been taken on two separate occasions in Minnesota, according to the assertions of counsel which are not refuted or denied. Expert witnesses have been retained and their reports rendered in accordance with this court's orders.
EPCO has had to oppose Cargill's motion for summary judgment at, no doubt, significant cost to it. EPCO asserts in brief that it has

incurred approximately $70,000 in litigation costs so far in prosecuting the case in this court.

Although Cargill asserted its right to arbitration as an affirmative defense in its answer, it never requested an order of this court until now, two years later. As a policy matter, to allow arbitration now would allow a party to litigate its claim in court past the summary judgment stage and, if it did not like the way the case was going or if it had received adverse rulings, to demand a new forum by then asserting its right to arbitration.[1] In other words, a party would thus be afforded two bites at the apple.

The time elapsed in this case is substantial and the attendant costs of this litigation and financial investment in it are significant. EPCO would be irreparably prejudiced were arbitration to be ordered at this late date. EPCO has more than met its heavy burden to show prejudice.

Cargill's assertion that its request for arbitration in its answer meets the 5th Circuit's test for notice under Price, 791 F.2d at 1161, is unavailing, for the issue here is not notice, but is Cargill's combined failure to ask the court under FRCP 7 to order arbitration and its participation in the conduct of the litigation, including discovery, at great expense of time and money to plaintiff and without ever having asserted again its arbitration

---

[1] The court does not suggest that such was intentionally done by Cargill or its attorneys in this case.

5

claim. Here, Cargill waited two years before moving the court for arbitration. In the meantime, EPCO successfully opposed Cargill's motion for summary judgment.

Finally, I note that the arbitration provision, quoted above, provides that a after unsuccessful negotiations by the parties, a party to the agreement may "promptly" submit the case to arbitration. EPCO suggests in brief that no such negotiations, which are a prerequisite to arbitration, occurred. In any event, a request for an order for arbitration two years later is not prompt and does not meet the requirements of the arbitration clause.

It is recommended that Cargill's motion to compel arbitration and stay proceedings [Doc. #67] be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

E-SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of July 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE